**Presentation Date:  April 17, 2009 at 12:00 p.m.**
**Objection Deadline:  April 17, 2009 at 11:30 a.m.**

Matthew S. Barr
Tyson M. Lomazow
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

Proposed Counsel for Corn Exchange, LLC
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
In re:                                           :          Chapter 11
                                                 :
CORN EXCHANGE, LLC,                              :          Case No. 09-10417
                                                 :
                              Debtor.   :
------------------------------------------------------x

### APPLICATION OF CORN EXCHANGE, LLC FOR AN ORDER, PURSUANT TO 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a), 2016(b), AND 5002, AND LOCAL RULE 2014-1, AUTHORIZING THE EMPLOYMENT AND RETENTION OF MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP AS *PRO BONO* COUNSEL

Corn Exchange, LLC (the "Corn Exchange"), debtor and debtor in possession in

the above-captioned chapter 11 case, hereby applies (the "Application") for entry of an order,

pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as

amended, the "Bankruptcy Code"), rules 2014(a), 2016(b), and 5002 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Bankruptcy Rules

for the Southern District of New York (the "Local Rules"), authorizing the retention and

employment of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP ("Milbank"), as the Corn Exchange's

*pro bono* counsel in this chapter 11 case.  In support of this Application, the Corn Exchange

submits the Affidavit of Matthew S. Barr, sworn to on March 26, 2009 (the "Barr Affidavit"), a

copy of which is attached hereto as Exhibit A.  In further support of this Application, the Corn

Exchange respectfully represents as follows:

## BACKGROUND

1.      On January 29, 2009 (the "Petition Date"), the Corn Exchange filed a voluntary petition for relief commencing this case under chapter 11 of the Bankruptcy Code. The Corn Exchange continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Corn Exchange is a Delaware limited liability corporation formed with the intention of purchasing and renovating a land-marked structure located at 81 East 125th Street, New York, New York commonly known as the "Corn Exchange Bank Building" (together with the property on which it is situated, the "Building") for use as the home of a future non-profit culinary institute for the benefit of Harlem area residents (the "Project"). The Building is currently a vacant façade, devoid of substantial floor space, inhabitants, workers, and personal property.

3.      The Corn Exchange's assets consist primarily of the Building and causes of action against third parties. Its liabilities relate to expenses incurred in connection with pre-construction and construction activities related to securing and renovating the Building, as described below. As of the Petition Date, the Corn Exchange had no employees or source of income.

4.      The Corn Exchange purchased the Building from the New York City Economic Development Corporation on February 5, 2003, at which point the Building had been sealed for over 25 years. After taking title to the Building, the Corn Exchange obtained a loan from the Harlem Community Development Corporation to provide financing for "soft costs" in preparation for the renovation of the Building (the "HCDC Loan").

5.      The HCDC Loan, which permitted initial construction activities on the Project to begin, was guaranteed by Full Spectrum LLC of New York ("Full Spectrum"), an entity seeking to become co-developer with the Corn Exchange.  However, Full Spectrum ultimately failed to meet its financial commitments to the Project, including its obligation to secure financing.  As a result of Full Spectrum's failure to fulfill its obligations, the Project, including the planned renovation of the Building, lost years of development time and was not completed in accordance with its anticipated schedule.  The Building is thus not currently inhabitable.

6.      The Corn Exchange has recently been engaged in substantial efforts to secure new financing to enable the planned renovation of the Building to continue and the Project to be completed.  However, continued litigation and the tightening of the credit markets have undermined the Corn Exchange's efforts to secure necessary construction financing.  The Corn Exchange thus commenced this chapter 11 case to obtain a breathing spell to enable it to finalize a transaction with a lender and formulate a plan of reorganization, which will provide for payment to its creditors and facilitate the completion of the Project for the benefit of Harlem area residents and the community.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.  Venue of the Corn Exchange's chapter 11 case is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).

## RELIEF REQUESTED

8.      The Corn Exchange desires to retain and employ Milbank as its *pro bono* counsel in connection with the prosecution of this chapter 11 case.  By this Application, the Corn Exchange requests that this Court enter an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016(b), and 5002, and Local Rule 2014-1, authorizing and approving the Corn Exchange's employment and retention of Milbank as the Corn Exchange's *pro bono* counsel to perform legal services that will be necessary in all phases of the Corn Exchange's chapter 11 case, in accordance with Milbank's *pro bono* policy, as described in paragraph 18 below.

## SERVICES TO BE RENDERED BY MILBANK

9.      The Corn Exchange anticipates that, in this chapter 11 case, Milbank will render general legal services as necessary, including in the areas of bankruptcy and restructuring, corporate, tax, and litigation.  Among other legal services, Milbank will:

(a)     advise the Corn Exchange of its rights, powers, and duties as a debtor and debtor in possession in conjunction with the continued management of its property;

(b)     assist the Corn Exchange in reviewing, estimating, and resolving claims asserted against its estate;

(c)     commence and conduct any and all litigation necessary or appropriate to assert rights held by the Corn Exchange or to defend the Corn Exchange, protect assets of its estate, or otherwise further the goal of completing a successful reorganization;

(d)     advise the Corn Exchange concerning actions that it might take to collect and recover property for the benefit of its estate;

(e)     prepare on behalf of the Corn Exchange all necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules, and other documents, and review all financial and other reports to be filed in the Corn Exchange's chapter 11 case;

4

(f)    advise the Corn Exchange concerning, and prepare responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in the Corn Exchange's chapter 11 case;

(g)    review the nature and validity of any liens asserted against the Corn Exchange's property and advise the Corn Exchange concerning the enforceability of such liens;

(h)    advise and assist the Corn Exchange in connection with any potential transaction with one or more third-party financiers;

(i)    advise the Corn Exchange concerning any executory contract assumptions, assignments, and rejections;

(j)    advise and assist the Corn Exchange in connection with the formulation and confirmation of a plan of reorganization and related documents; and

(k)    perform all other necessary legal services in connection with the Corn Exchange's chapter 11 case and other general corporate and litigation matters.

10.    The Corn Exchange may, from time to time, request that Milbank undertake specific matters beyond the scope of the responsibilities set forth above. Should Milbank agree, in its sole discretion, to undertake any such specific matters, the Corn Exchange seeks authority herein to employ Milbank for such matters, in addition to those set forth above, without further order of this Court.

11.    The Corn Exchange requires knowledgeable counsel to render these essential professional services. As described below, Milbank has substantial expertise in each of these areas, particularly with respect to the Corn Exchange. As a result, Milbank is well-qualified to perform these services and represent the Corn Exchange's interests in this chapter 11 case. Subject to this Court's approval of this Application, Milbank is willing to serve as the Corn Exchange's counsel and to perform the services described above.

## MILBANK'S QUALIFICATIONS

12.     Milbank has represented the Corn Exchange on a *pro bono* basis for over

ten years, providing a variety of legal services.  Specifically, Milbank has assisted the Corn

Exchange since 1998 in its efforts to bring the Project to fruition by, among other things,

incorporating the Corn Exchange, structuring and negotiating proposed transactions, and

defending the Corn Exchange from litigation by the City of New York and other third parties, as

well as related matters.  Consequently, Milbank is very familiar with the Corn Exchange, its

objectives and financial condition, and is therefore particularly qualified to assist the Corn

Exchange in its reorganization efforts.

13.     Milbank is well suited for the type of representation required by the Corn

Exchange.  Milbank is one of the largest law firms in the United States and has expertise in all

aspects of the law that may arise in this chapter 11 case including, among others, bankruptcy and

restructuring, corporate, tax, and litigation.

14.     Milbank has practiced in the insolvency and reorganization area for more

than fifty years.  Milbank's Financial Restructuring Group currently comprises 41 attorneys

practicing nationwide.  Milbank's attorneys have played important roles in many significant

chapter 11 cases, including, among others, the following: In re Intermet Corp., Case No. 08-

11859 (Bankr. D. Del. 2008) (KG) (Debtor); In re 70 East 127th St. Hous. Dev. Fund Corp.,

Case No. 08-10072 (REG) (Bankr. S.D.N.Y. 2008) (Debtor); In re Alper Holdings USA, Inc.,

Case No. 07-12148 (BRL) (Bankr. S.D.N.Y. 2007) (Debtor); In re Satélites Mexicanos, S.A. de

C.V., Case No. 06-11868 (RDD) (Bankr. S.D.N.Y. 2006) (Debtor); In re 10000 Millennium

Plaza, LLC, Case No. 05-50021-GM (Debtor) (Bankr. C.D. Cal. 2005); In re American

Restaurant Group, Inc., Case No. 04-30732-TD (Bankr. C.D. Cal. 2004) (Debtors); In re

Illuminations.com, Inc., Case No. 04-10427-SB (Bankr. C.D. Cal. 2004) (Debtor); In re Dairy

Mart Convenience Stores, Inc., et al., Case No. 01-42400 (AJG) (Bankr. S.D.N.Y. 2001)

(Debtors); In re Lernout & Hauspie Speech Products N.V., et al., Case No. 00-04397 (JHW)

(Bankr. D. Del. 2000) (Debtors); In re Safety Components International, Inc., Case No. 00-01644

(PJW) (Bankr. D. Del. 2000) (Debtor); In re Fruit of the Loom, Inc., et al., Case No. 99-04497

(PJW) (Bankr. D. Del. 1999) (Debtors); In re MedPartners Provider Network, Inc., Case No. 99-

19256 (BR) (Bankr. C.D. Cal. 1999) (Debtor); and In re HomePlace Stores, Inc., Case No. 98-

00008 (PJW) (Bankr. D. Del. 1998) (Debtor); In re Lehman Brothers Holdings Inc., Case No.

08-13555 (JMP) (Bankr. S.D.N.Y. 2008) (Official Creditors' Committee); In re Refco Inc., et al.,

Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. 2005) (Official Creditors' Committee); In re Winn-

Dixie Stores, Inc., et al., Case No. 05-03817 (JAF) (Bankr. S.D.N.Y. 2005) (Official Creditors'

Committee); In re Enron Corp., et al., Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2001)

(Official Creditors' Committee and Reorganized Debtors); In re Maxxim Medical Group, Inc., et

al., Case No. 03-10438 (PJW) (Bankr. D. Del. 2003) (Official Creditors' Committee); In re Sun

World International, Inc., Case No. 03-11370-DN (Bankr. C.D. Cal. 2003) (Official Creditors'

Committee); In re Pacific Gas and Electric Co., Case No. 01-30923-DM (Bankr. C.D. Cal. 2001)

(Official Creditors' Committee).

       15.    As set forth above, Milbank is very familiar with the Corn Exchange's

objectives in completing the Project and is therefore able to immediately and knowledgeably

assist the Corn Exchange in its reorganization efforts.  To maximize the value of Milbank's

efforts to date, and because of Milbank's expertise in bankruptcy law, the Corn Exchange desires

that Milbank represent it in this chapter 11 case.

## DISCLOSURE CONCERNING DISINTERESTEDNESS

16.    To the best of the Corn Exchange's knowledge, information and belief, other than as set forth herein or in the Barr Affidavit, Milbank has no connection with the Corn Exchange, its creditors, the United States Trustee for the Southern District of New York, or any other party with an actual or potential interest in the Corn Exchange's chapter 11 case or their attorneys or accountants.

17.    To the best of the Corn Exchange's knowledge, information and belief, based on (and other than as specifically set forth in) the Barr Affidavit, Milbank does not hold or represent any interest adverse to the Corn Exchange's estate.  The Corn Exchange believes that Milbank is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of Milbank is necessary and in the best interests of the Corn Exchange, its estate, and its creditors.

## MILBANK'S COMPENSATION

18.    In accordance with its *pro bono* policy, Milbank will not charge the Corn Exchange any fees for its services and, except as set forth in this paragraph, Milbank will not seek reimbursement from the Corn Exchange for office charges, disbursements, or other expenses incurred by Milbank.  In accordance with its *pro bono* policy, however, Milbank hereby reserves its right to seek reimbursement from the Corn Exchange for any and all out-of-pocket post-Petition Date expenses incurred on behalf of the Corn Exchange, and specifically reserves the right to seek reimbursement of such out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code of any fees advanced by Milbank.

## NO PREVIOUS REQUEST

19.    No previous motion or application for the relief sought herein has been made to this or any other court.

## **NOTICE**

20.     No trustee, examiner, or creditors' committee has been appointed in the

Corn Exchange's chapter 11 case.  Notice of this Application has been provided to (i) the United

States Trustee, (ii) all known secured creditors of the Corn Exchange and/or their counsel, and

(iii) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  In light of the relief

requested, the Corn Exchange submits that no other or further notice need be provided.


        **WHEREFORE**, the Corn Exchange respectfully requests that this Court

enter an order, substantially in the form attached as Exhibit B hereto, (i) authorizing and

approving the Corn Exchange's retention and employment of Milbank as its *pro bono* counsel in

this chapter 11 case, and (ii) granting the Corn Exchange such other relief as is just and proper.

Dated: New York, New York
        March 24, 2009


                        **CORN EXCHANGE, LLC**


                          /s/ Ethel Bates
                        Ethel Bates
                        Authorized Person

                        **Debtor and Debtor in Possession**

# **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CORN EXCHANGE, LLC, | : | Case No. 09-10417 |
| | : | |
| Debtor. | : | |

-------------------------------------------------------x

**AFFIDAVIT OF MATTHEW S. BARR IN SUPPORT OF APPLICATION**
**OF CORN EXCHANGE, LLC FOR AN ORDER, PURSUANT TO**
**11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a), 2016(b), AND 5002, AND**
**LOCAL RULE 2014-1, AUTHORIZING THE EMPLOYMENT AND RETENTION**
**OF MILBANK, TWEED, HADLEY & McCLOY LLP AS *PRO BONO* COUNSEL**

STATE OF NEW YORK        )
                                            ) SS:
COUNTY OF NEW YORK   )

        Matthew S. Barr, being duly sworn, says:

        1.      I am a member of the firm of Milbank, Tweed, Hadley & McCloy LLP ("Milbank") in its Financial Restructuring Group.  I am duly authorized to make this affidavit (the "Affidavit") on behalf of Milbank.

        2.      I submit this Affidavit pursuant to sections 327(a) and 329 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") in support of the application of Corn Exchange, LLC (the "Corn Exchange") for entry of an order authorizing and approving the Corn Exchange's retention and employment of Milbank as *pro bono* counsel to the Corn Exchange in the above-captioned chapter 11 case (the "Application").

3.    Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein and, if called as a witness, I can competently testify thereto.[1]  Unless otherwise defined, capitalized terms and phrases not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

## Qualifications of Milbank

4.    Milbank is an international law firm with its principal office located at 1 Chase Manhattan Plaza, New York, New York, 10005, and with branch offices in Los Angeles, Washington, D.C., London, Frankfurt, Munich, Hong Kong, Singapore, Tokyo, and Beijing. Milbank is particularly well-suited for the type of representation required by the Corn Exchange. Milbank is one of the largest law firms in the United States, with a national and international practice, and has experience in all aspects of the law that may arise in this chapter 11 case, including, among others, bankruptcy and restructuring, corporate, tax, and litigation.

5.    Milbank has practiced in the insolvency and reorganization area for more than fifty years.  Milbank's Financial Restructuring Group currently comprises 41 attorneys practicing nationwide.  Milbank's attorneys have played important roles in many significant bankruptcy cases, including, among others, the following:  In re Intermet Corp., Case No. 08-11859 (Bankr. D. Del. 2008) (KG) (Debtor); In re 70 East 127th St. Hous. Dev. Fund Corp., Case No. 08-10072 (REG) (Bankr. S.D.N.Y. 2008) (Debtor); In re Alper Holdings USA, Inc., Case No. 07-12148 (BRL) (Bankr. S.D.N.Y. 2007) (Debtor); In re Satélites Mexicanos, S.A. de C.V., Case No. 06-11868 (RDD) (Bankr. S.D.N.Y. 2006) (Debtor); In re 10000 Millennium Plaza, LLC, Case No. 05-50021-GM (Debtor) (Bankr. C.D. Cal. 2005); In re American Restaurant Group, Inc., Case No. 04-30732-TD (Bankr. C.D. Cal. 2004) (Debtors); In re

---

[1]    Certain of the disclosures set forth herein relate to matters within the knowledge of other attorneys at Milbank and are based on information provided by them.

Illuminations.com, Inc., Case No. 04-10427-SB (Bankr. C.D. Cal. 2004) (Debtor); In re Dairy

Mart Convenience Stores, Inc., et al., Case No. 01-42400 (AJG) (Bankr. S.D.N.Y. 2001)

(Debtors); In re Lernout & Hauspie Speech Products N.V., et al., Case No. 00-04397 (JHW)

(Bankr. D. Del. 2000) (Debtors); In re Safety Components International, Inc., Case No. 00-01644

(PJW) (Bankr. D. Del. 2000) (Debtor); In re Fruit of the Loom, Inc., et al., Case No. 99-04497

(PJW) (Bankr. D. Del. 1999) (Debtors); In re MedPartners Provider Network, Inc., Case No. 99-

19256 (BR) (Bankr. C.D. Cal. 1999) (Debtor); and In re HomePlace Stores, Inc., Case No. 98-

00008 (PJW) (Bankr. D. Del. 1998) (Debtor); In re Lehman Brothers Holdings Inc., Case No.

08-13555 (JMP) (Bankr. S.D.N.Y. 2008) (Official Creditors' Committee); In re Refco Inc., et al.,

Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. 2005) (Official Creditors' Committee); In re Winn-

Dixie Stores, Inc., et al., Case No. 05-03817 (JAF) (Bankr. S.D.N.Y. 2005) (Official Creditors'

Committee); In re Enron Corp., et al., Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2001)

(Official Creditors' Committee and Reorganized Debtors); In re Maxxim Medical Group, Inc., et

al., Case No. 03-10438 (PJW) (Bankr. D. Del. 2003) (Official Creditors' Committee); In re Sun

World International, Inc., Case No. 03-11370-DN (Bankr. C.D. Cal. 2003) (Official Creditors'

Committee); In re Pacific Gas and Electric Co., Case No. 01-30923-DM (Bankr. C.D. Cal. 2001)

(Official Creditors' Committee).

### Services to be Provided by Milbank

6.      In this chapter 11 case, Milbank will render general legal services as

necessary, including in the areas of bankruptcy and restructuring, corporate, tax, and litigation.

Among other legal services, Milbank will:

> (a)      advise the Corn Exchange of its rights, powers, and duties as a
> debtor and debtor in possession in conjunction with the continued
> management of its property;

(b)     assist the Corn Exchange in reviewing, estimating, and resolving claims asserted against its estate;

(c)     commence and conduct any and all litigation necessary or appropriate to assert rights held by the Corn Exchange or to defend the Corn Exchange, protect assets of its estate, or otherwise further the goal of completing a successful reorganization;

(d)     advise the Corn Exchange concerning actions that it might take to collect and recover property for the benefit of its estate;

(e)     prepare on behalf of the Corn Exchange all necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules, and other documents, and review all financial and other reports to be filed in the Corn Exchange's chapter 11 case;

(f)     advise the Corn Exchange concerning, and prepare responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in the Corn Exchange's chapter 11 case;

(g)     review the nature and validity of any liens asserted against the Corn Exchange's property and advise the Corn Exchange concerning the enforceability of such liens;

(h)     advise and assist the Corn Exchange in connection with any potential transaction with one or more third-party financiers;

(i)     advise the Corn Exchange concerning any executory contract assumptions, assignments and rejections;

(j)     advise and assist the Corn Exchange in connection with the formulation and confirmation of a plan of reorganization and related documents; and

(k)     perform all other necessary legal services in connection with the Corn Exchange's chapter 11 case and other general corporate and litigation matters.

7.     Milbank is prepared to render such services as appropriate based on the progress of the Corn Exchange's chapter 11 case. In addition, should the Corn Exchange request that Milbank undertake specific matters beyond the scope of the responsibilities set forth above, Milbank may, in its sole discretion, undertake any such specific matters.

4

8.      Subject to this Court's approval of the Application, Milbank is willing to serve as the Corn Exchange's *pro bono* counsel and to perform the services described above.

**<u>Milbank's Connections with Corn Exchange and Other Parties</u>**

9.      Milbank does not represent and will not represent any entity, other than the Corn Exchange, in matters related to the Corn Exchange's chapter 11 case.

10.     To the best of my knowledge, Milbank (a) is not a creditor, an equity security holder, or an insider of the Corn Exchange; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Corn Exchange; and (c) does not have any interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Corn Exchange, or for any other reason.  Accordingly, I believe that Milbank is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

11.     Except as otherwise set forth herein, to the best of my knowledge, the partners, counsel, and associates of Milbank (i) do not have any connection with the Corn Exchange, the Corn Exchange's creditors, any party in interest, their respective attorneys and accountants, any United States Bankruptcy Judge or District Court Judge for the Southern District of New York, the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>"), or any person employed in the office of the U.S. Trustee, or (ii) hold or represent any interest adverse to the Corn Exchange or its estate.

12.     In connection with its proposed retention by the Corn Exchange in this case and as set forth on <u>Schedule 1</u> hereto, Milbank researched its client database for the last three (3) years to determine whether it had, within such period of time, any relationship with the following entities:

5

     (a)     the Corn Exchange;

     (b)     the Corn Exchange's officers and directors;

     (c)     the Corn Exchange's secured creditors; and

     (d)     the twenty (20) largest unsecured creditors of  the Corn Exchange.

A list of the names of each of the entities searched is annexed hereto as <u>Schedule 1</u> and incorporated herein.

13.     Such search indicates that Milbank has no relationships with any such entities in matters unrelated to this chapter 11 case.

14.     As set forth in the Application, Milbank has represented the Corn Exchange on a *pro bono* basis on various matters since 1998.  In such capacity, Milbank attorneys have routinely assisted Ethel Bates, the authorized person for the Corn Exchange and the principal of the Corn Exchange's sole member, Resurgence, Inc., in connection with such matters.  However, Milbank has not represented Ms. Bates in her individual capacity.

## **Professional Compensation**

15.     There is no proposed arrangement between the Corn Exchange and Milbank for compensation to be paid in this case.  In accordance with its *pro bono* policy, Milbank will not charge the Corn Exchange any fees for its services and, except as set forth in this paragraph, Milbank will not seek reimbursement from the Corn Exchange for office charges, disbursements, or other expenses incurred by Milbank.  In accordance with its *pro bono* policy, however Milbank hereby reserves its right to seek reimbursement from the Corn Exchange for any and all post-Petition Date out-of-pocket expenses incurred on behalf of the Corn Exchange, and specifically reserves the right to seek reimbursement of such out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code of any fees advanced by Milbank.

16.     Milbank has no agreement with any other entity on account of this chapter 11 case to share any compensation received, nor will any be made.

17.     Milbank is carrying on further inquiries of its partners, counsel, and associates with respect to the matters contained herein and will periodically review its client database.  If any relevant new facts or relationship arise, Milbank promptly will file supplemental affidavits regarding this retention.

Dated:  New York, New York
          March 26, 2009

                                                          ___/s/ Matthew S. Barr_____
                                                          Matthew S. Barr

SWORN TO AND SUBSCRIBED before
me this March 26, 2009.

    ___/s/ Denise M. Gargano_____
Denise M. Gargano
Notary Public, State of New York
No. 01GA4502475
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires Jan. 31, 2010

**Schedule 1 to Affidavit of Matthew S. Barr,**
**Disclosure Of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP**
**Potential Parties in Interest as of March 12, 2009**

| **Secured Creditors:** |
|---|
| • Hi-Tech Bridging, Inc. |
| • SNA Construction  Corp. |
| • Antal Construction Corp. |

| **Management:** |
|---|
| • Ethel Bates |
| • Resurgence, Inc. |

| **Unsecured Creditors:** |
|---|
| • Danois Architects, P.C. |
| • S&P Contractors LLC |
| • D-2 Construction Corp. |
| • Mazzocchi Wrecking, Inc. |
| • Harlem Community Development Corp. |
| • National Development Council, Inc. |
| • Trevor Salmon, PC |
| • Lemor Realty, Inc. |
| • Full Spectrum of New York LLC |
| • New York City Department of Finance |
| • EZ-Going Parking, Inc. |
| • LCR Construction Corp. |
| • Scott & Liburd |
| • Sharon Bruce |
| • Integrated Holdings, Inc. |
| • New York City Economic Development Corporation |
| • New York City Landmarks Preservation Commission |
| • CT Corporation |

# **Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                     :        Chapter 11
                                           :
CORN EXCHANGE, LLC,                        :        Case No. 09-10417
                                           :
                            Debtor.        :
-------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a), 2016(b), AND 5002, AND LOCAL RULE 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF MILBANK, TWEED, HADLEY & McCLOY LLP  AS *PRO BONO* COUNSEL TO CORN EXCHANGE, LLC**

Upon the application, dated March 24, 2009 (the "Application"), of Corn Exchange, LLC (the "Corn Exchange"), debtor and debtor in possession in the above-captioned chapter 11 case, for entry of an order, pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the employment and retention of Milbank, Tweed, Hadley & McCloy LLP ("Milbank") as the Corn Exchange's *pro bono* counsel in this chapter 11 case, effective as of the commencement of this chapter 11 case (the "Petition Date"); and this Court having considered the Affidavit of Matthew S. Barr, sworn to on March 26, 2009, in support of the Application (the "Barr Affidavit"); and the Court being satisfied, based on the representations made in the Application and the Barr Affidavit, that Milbank represents or holds no interest adverse to the Corn Exchange or its estate with respect to the matters upon which Milbank is to be engaged and is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the

Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the

Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of

the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Application having been provided, and it appearing that no other or

further notice need be provided; and the relief requested in the Application being in the best

interests of the Corn Exchange and its estate and creditors; and the Court having reviewed the

Application and having heard the statements in support of the relief requested therein at a

hearing before the Court (the "Hearing"); and the Court having determined that the legal and

factual bases set forth in the Application and at the Hearing establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court and after due deliberation

and sufficient cause appearing therefor, it is hereby

> **ORDERED** that the Application is granted; and it is further

> **ORDERED** that pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy

Rules 2014(a), 2016(b) and 5002, and Local Rule 2014-1, the Corn Exchange's employment and

retention of Milbank as its *pro bono* counsel on the terms set forth in the Barr Affidavit, effective

as of the Petition Date, is approved.

_____ __, 2009


_____
UNITED STATES BANKRUPTCY JUDGE